THE GEORGE JONAS GLASS COMPANY, DEFENDANT IN CERTIORARI, v. H. WILEY ROSS, PLAINTIFF IN CER-TIORARI.

Argued November 12, 1902—Decided December 20, 1902.

Under section 107 of "An act concerning district courts (Revision of 1898)," as amended in 1901 (*Pamph. L.*, *p.* 68), a District Court cannot lawfully take jurisdiction to dispossess a tenant for hold-ing over after default in payment of rent, unless the affidavit pre-sented proves facts, which, apart from that statute, give the land-lord a right of re-entry for non-payment of rent. The title to the act cannot constitutionally support a change in the relative rights and liabilities of landlords and tenants.

On *certiorari* to the District Court of Atlantic City.

The writ in this case removes a proceeding in the District Court of Atlantic City, brought by a landlord to dispossess his tenant for non-payment of rent. The affidavit verified on August 18th, 1902, on which jurisdiction was taken, was as follows:

"State of New Jersey, Atlantic County, *ss.*—David C. Applegate, of full age, being duly sworn, on his oath says that he is the secretary and agent of the George Jonas Glass Company, a corporation of the State of New Jersey; that one H. Wiley Ross is now in the occupancy and possession of a certain house and premises of the said George Jonas Glass Company, situate in the township of Buena Vista, in the county of Atlantic aforesaid, said house and lot being more particularly described as the west half of the double house situate on lot No. 185 of the town plot of Minatola, on the south side of Summer road, in the village of Minatola, in the township aforesaid, upon an agreement between the said George Jonas Glass Company and the said H. Wiley Ross, made on the first day of April, 1901, by which the said George Jonas Glass Company leased the said premises to the said H. Wiley Ross, by the month, at the monthly rent of

seven dollars, payable at the end of each month; that, in pursuance of the said agreement, the said H. Wiley Ross entered into possession of the said premises on the first day of April, 1901, by virtue of said agreement, and now is indebted to the said George Jonas Glass Company in the sum of seven dollars for rent of the said premises due on the first day of August, 1902. And deponent further says that the said H. Wiley Ross has not paid the said rent nor delivered up the said premises, but that he has made default in the payment of said rent and holds over and continues in possession without the permission of the said George Jonas Glass Company."

Before Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff in *certiorari, Louis H. Miller.*

For the defendant in *certiorari, John C. Reed.*

The opinion of the court was delivered by

COLLINS, J. The sole reliance for support of the proceeding under review is upon section 107 of "An act concerning District Courts (Revision of 1898)," as amended in 1901. *Pamph. L., p.* 68. That section purports to authorize the removal of tenants and others holding over in possession of demised premises in certain cases—one of which is "where such person shall hold over after any default in the payment of the rent pursuant to the agreement under which such premises are held." Under an appropriate title such legislation would apply to every case within its terms, but under a title embracing nothing beyond judicial jurisdiction and procedure it can extend only to cases where, independent of the enactment, a landlord has the right to recover possession of demised premises in default of payment of rent. Under article 4, section 7, paragraph 4 of the constitution the object of a law must be expressed in its title, and the title of that cited does not indicate a purpose to declare or change the relative rights of landlords and tenants. We must look else-

where, therefore, for any right of a landlord which this District Court act can effectuate.

At common law non-payment of rent did not work a forfeiture of the demised term. The remedy of the landlord was to sue the tenant for the rent reserved or which he had agreed to pay, or for use and occupation if the rent was not fixed. It was usual, however, to reserve in a lease a right of re-entry for non-payment of rent; and in such case there might have been recovery of possession if demand of the rent should have been made on the demised premises, on the due day, at a convenient time before sunset. Such a demand was an essential prerequisite to the exercise of the right of re-entry, unless dispensed with by express agreement of the parties. *Co. Litt.* 202a, and *Harg. note* 3 to that page; *Duppa* v. *Mayo,* 1 *Saund.* 276, *note* 16. Except as modified by statute, the law remains, generally, in this country as stated. *Tayl. Land. & T.,* § 493, and cases cited. Until 1847 there was no legislation in this state on the subject, except the enactment, in substance, in 1795, of the 4 *Geo. II., c.* 28, whereby ejectment was authorized without formal demand or re-entry if a half-year's-rent should be in arrears, and no sufficient distress was to be found; but the statute operated only when the landlord had otherwise a right of entry by law. *Pat. L., p.* 165. Such enactment became section 7 of "An act concerning landlords and tenants," and so continues in the latest revision of the act. *Gen. Stat., p.* 1917.

By a supplement (*Pamph. L.* 1847, *p.* 142) a summary proceeding was authorized to dispossess any tenant holding over after default in the payment of rent pursuant to agreement if satisfaction by distress could not be had; but only after a three-days' notice, in writing, demanding the rent or possession.

This provision became part of section 11 of the revised act, and still subsists, except that there is now no limitation as to distress. *Pamph. L.* 1901, *p.* 67. The jurisdiction was given to justices of the peace. The original General District Court act of 1877 (*Gen. Stat., p.* 1216) contained the same

provision, and undoubtedly, within the purview of the act, gave the new courts a lawful jurisdiction to remove a tenant coming under its terms, for the title of the statute was broad enough to cover a mere transfer or extension of judicial power. The elimination, in the revision of 1898, of the requirement of three days' notice, in writing, still retained in the general act concerning landlords and tenants, makes it necessary for a landlord, invoking the jurisdiction of a District Court to remove his tenant for non-payment of rent, to prove, by the affidavit presented, that he has a right of re-entry independently of the District Court act. The affidavit on which was rested the proceeding now under review fails to do this, and the District Court, therefore, had no lawful jurisdiction.

In five other cases the respective tenants have removed to this court like proceedings, instituted in the same court by the same landlord. In each there is the same defect of jurisdiction. The plaintiffs in *certiorari* in those cases are Walter Adams, Samuel Bourst, Henry Helms, Howard Somers and Harry Woodward.

In each of the six cases the proceeding will be set aside, with costs.