130 N.J. Super. 276 (1974)
326 A.2d 106
25 FAIRMOUNT AVENUE, INC., PLAINTIFF,
v.
MR. & MRS. ROBERT H. STOCKTON, DEFENDANTS.
Superior Court of New Jersey, District Court  Bergen County.
September 27, 1974.
*279 Mr. Jack B. Ehrich, attorney for plaintiff.
*280 Mr. Ronald Abramson, attorney for defendants.
HUOT, J.D.C.
The motion to dismiss this landlord-tenant summary dispossess action raises the question of the applicability of the recent amendment of N.J.S.A. 2A:18-53 (L. 1974, c. 49), particularly to contracts between the parties prior to the effective date of this new legislation.
Defendants were tenants of plaintiff by virtue of a lease which expired June 30, 1974. The parties stipulate that the three-month notice required by N.J.S.A. 2A:18-56 was properly given and received.
June 30, 1974 passed and the defendants remained in possession. This action was commenced on July 17, 1974 and was heard, after consent adjournments, on August 20, 1974. At that time defendant moved to dismiss the complaint on the grounds that plaintiff had failed to serve a notice setting forth "cause" as required by L. 1974, c. 49. Defendant contends that he may not be dispossessed because the landlord has failed to comply with § 3 of the act, which prohibits the entry of a judgment for possession except upon a notice of and a showing of "good cause."
Plaintiff contends that it acquired a vested right to terminate the tenancy and recover the premises by the stipulation of proper notice, and that L. 1974, c. 49, cannot divest it of this right. It further contends that the recent amendment affects substantive rights and is not remedial or procedural. Plaintiff argues that since it is a vested, substantive right, the statute may not retroactively apply to divest that right which is protected by the State and Federal Constitutions.
The initial question to be determined, then, is whether L. 1974, c. 49, affects the substantive rights of landlords and tenants or whether it merely establishes a prerequisite to the exercise of jurisdiction by this court. If it is procedural only, it does not affect any basic right but merely contains the method by which those independent rights shall be enforced. And, if this be so, the court need not meet the issue raised by plaintiff of retroactive applicability. That is because the *281 statute would apply prospectively to the exercise of jurisdiction from and after June 25, 1974. If, on the other hand, the statute affects substantive rights, the issue of the constitutional retroactivity must be decided.
N.J.S.A. 2A:6-34 provides, among other things, that "county district courts shall also have jurisdiction in proceedings between landlords and tenants * * *."
N.J.S.A. 2A:18 is entitled, "Civil Actions in County District Courts," and consists of 11 articles or chapters, further subdivided by sections. It first appeared as chapter 228 Laws of 1898 and was entitled, "An Act Concerning District Courts."
That act was construed by the courts to be one granting jurisdiction but not affecting the substantive rights of landlords or tenants. That the act was jurisdictional was determined in Jonas Glass Co. v. Ross, 69 N.J.L. 157 (Sup. Ct. 1903). There the court held that the section purporting to authorize the removal of tenants was strictly a jurisdictional one. It said:
Under an appropriate title such legislation would apply to every case within its terms, but under a title embracing nothing beyond judicial jurisdiction and procedure it can extend only to cases where, independent of the enactment, a landlord has the right to recover possession of the demised premises in default of payment of rent. Under article 4, section 7, pargaraph 4 of the constitution the object of a law must be expressed in its title, and the title of that cited does not indicate a purpose to declare or change the relative rights of landlords and tenants. [at 158; emphasis supplied]
In contrast, those acts which became part of N.J.S.A. 2A:42-1 et seq., originating in 1874, were differently entitled.
Chapter 164, Laws of 1874, was entitled, "A further supplement to an act entitled `An act concerning landlords and tenants,' approved April fifteenth, one thousand eight hundred and forty-six."
Chapter 13, Laws of 1903 was entitled, "A Further Supplement to an act entitled `An act concerning landlords and *282 tenants,' approved March twenty-seventh, one thousand eight hundred and seventy-four."
The reprisal statute appeared as chapter 210, Laws of 1970, and is entitled, "An act concerning landlord and tenants * * *."
In like manner, chapter 373, Laws of 1948, which became N.J.S.A. 2A:35-1 et seq. relating to ejectment, was entitled "An Act concerning civil actions for the possession of and, superseding actions of ejectment * * *"
It has long been understood that N.J.S.A. 2A:18-53 is part of the District Court Act which embraces only jurisdiction and procedure.
2 LeWine, New Jersey Landlord and Tenant (2 ed. 1942), § 783 at 1800, states:

783. Construction and Interpretation of Statute
As before stated, summary dispossession proceedings are created by statute. Sections 2:58-16 etc. of R.S., are the provisions taken from the Landlord and Tenant Act, and sections 2:32-265, etc., of R.S. have their derivation in the District Court act.
The Landlord and Tenant Act provides for the rights and liabilities of landlord and tenant. The District Court act regulates and embraces within its terms only judicial jurisdiction and procedure. The latter act cannot change the relative rights and liabilities of landlord and tenant under the title, "An act concerning District Courts" because that title is not broad enough to support a change of such rights. Under article 4, section 7, paragraph 4 of the New Jersey Constitution, the object of a law must be expressed in its title, and the title of the District Court act does not indicate a purpose to declare or change the relative rights of landlords and tenants. This can be done only by an amendment of the Landlord and Tenant act, changing the rights of landlord and tenant, or by an amendment of the title of the District Court act so that it will be broad enough to cover the granting and changing of such rights.
We come now to an evaluation of L. 1974, c. 49, in light of the above. The title of that chapter is, "An Act establishing grounds for evicting tenants and lessees of certain residential property, amending N.J.S.A. 2A:18-53 and repealing section 1 of P.L. 1973, c. 153 (C. 46:8C-1)."
Initially, we note a change in the title of the act from its predecessor. The new title sets forth that its purpose is to *283 establish grounds for eviction, not just procedures for the enforcement of such.
Section 1 of chapter 49 is identical to the former N.J.S.A. 2A:18-53 except that the words, "Except for residential lessees and tenants included in section 2 of this act," have been added at its beginning.
Sections 2, 3, 4 and 5 are new and were never a part of N.J.S.A. 2A:18-53 prior to this amendment.
Section 2 provides that "No lessee or tenant * * * may be removed" except upon the establishment of certain enumerated grounds. When one contrasts this with § 3, which provides that "No judgment of possession shall be entered * * * unless the landlord has made written demand and given written notice * * *," it is obvious that a change in the substantive rights of landlords and tenants was achieved in § 2. This conclusion is further buttressed by § 4, which prohibits a landlord from evicting or failing to renew the lease except for the causes established in § 2.
This court concludes that L. 1974, c. 49, is really an act which establishes changes in the substantive rights of landlords and tenants while also amending the jurisdictional and procedural requirements. Prior to its adoption the right of the landlord to possession of his property was established by other law, statutory or common, and N.J.S.A. 2A:18-51 et seq. merely established the procedure to be used to assert such rights. The common law rights of ownership and the statutory rights found in N.J.S.A. 2A:42-1 et seq. controlled the decision of the court, while N.J.S.A. 2A:18-51 et seq. controlled its jurisdiction. Under the new enactment, however, additional limitation upon the right to possession has been established, or perhaps it would be more accurate to say that an owner of property (who is not excepted from § 2) once he accepts a tenant on that property, no longer has a right of possession to it; and he does not regain that right of possession unless and until the tenant is guilty of some act or omission which constitutes "good cause," or unless and until the property is to be removed from the rental *284 market. This prohibition affects an element of a property right, the right of possession, and not the procedure to enforce such right.
Although these prohibitions appear in the District Court Act, N.J.S.A. 2A:18-1 et seq., it does not mean that they are solely procedural. The title of L. 1974, c. 49, comports with the rationale of Jonas Glass Co. v. Ross, supra, and does encompass "grounds for evicting tenants."
Section 2 restricts a landlord to "good cause" before a tenant may be dispossessed. Section 4 requires a landlord to renew a lease for a tenant whose lease expires unless it can be established that "good cause" sufficient to dispossess exists. Section 5 prohibits as against public policy the waiver by a tenant of any rights established by the act and makes any such waiver unenforceable. The right established by the act is the right to remain in possession of the rented property until there is "good cause" for him to be removed. Generally, one has always been free to waive a legal right, and such waiver would be given effect. Now, however, such waiver may not be enforced against a tenant who occupies property covered by § 2. These are the substantive provisions of the act which interfere with and limit the former right of possession which was an element of title.
Section 1 remains a statement of procedure, compliance with which is necessary to give a county district court jurisdiction to hear a landlord-tenant summary dispossess action. Section 3 also establishes a procedural requirement, to wit, notice before action is brought. The notice varies in its time requirements, depending upon the "good cause" alleged.
It having been determined that part of the statute affects substantive property rights, the court must address itself to plaintiff's contention that it interferes in a contractual right in a way that is constitutionally forbidden. Plaintiff argues that a failure to give effect to the notice, stipulated as in accord with N.J.S.A. 2A:18-56, is to give retroactive application to the law and deprive it of a vested right to dispossess the tenant.
*285 This court thinks not.
It is necessary to distinguish between a right of possession and a "right" to bring a landlord-tenant summary dispossess action. The latter is not a "right" at all. It is a privilege established by statute, which privilege is available to a party upon compliance with the requirements of that statute. Upon such compliance, a procedural remedy is then available. One cannot obtain a "vested right" in a particular type of statutory remedy. The Legislature created the summary dispossess remedy in the county district courts. It could, if it so chose, abolish that remedy. It could also abolish the court. It follows, then, that it can amend the procedure to be followed.
In contrast, however, a "right of possession" has its origin in common law. It is one of the "rights" incident to seisin in "fee simple absolute." However, one who holds such title always has the power to grant the right of possession to another while retaining all other rights of title. The title owner of real property could always divest himself of the "right of possession" and that right of possession did not revest in the title owner until the happening of the condition established as a measurement of the possession granted. A right of possession only "vests" when it is a present right of possession. Carroll v. Newark, 108 N.J.L. 323, 328 (E. & A. 1932). Thus, one who grants the right of possession to another for a fixed period has no vested right of possession during that fixed period of time, but when that period expires a present right of possession arises which then revests in the grantor thereof.
In this case, and prior to the enactment of L. 1974, c. 49, there was no vested right of possession in plaintiff. It had divested itself of the right to possession until the expiration of the lease term at which time the right to possession would again vest in plaintiff.
N.J.S.A. 2A:18-56 is procedural, controlling the county district court jurisdiction in a summary dispossess action involving, among other things, year-to-year leases, once the *286 right to possession arises. If, as was anticipated by plaintiff, a right to possession arose immediately upon the termination of the lease term, and if the proper notice were given, the court would acquire jurisdiction to summarily dispossess the tenant. The notice requirement of N.J.S.A. 2A:18-56 did not affect the landlord's right of possession, nor did it create it. The notice only affected his manner of enforcing it. Without compliance with the three-month notice requirement, a landlord had his remedy under N.J.S.A. 2A:35-1 et seq. by an action in ejectment.
The right to possession in this case did not arise in plaintiff until June 30, 1974; thus, there is not a question of retroactive application of the statute. Plaintiff's argument that "at the moment of notice, etc., that landlord acquired a vested right to terminate the tenancy and to recover said premises," misconstrues the effect of N.J.S.A. 2A:18-56. As explained above, at the moment of notice, the landlord complied with the then jurisdiction for a summary dispossess action. But the right to possession in a landlord was not created by that notice. Even under the then existing law, this right to possession would not exist until June 30, 1974.
L. 1974, c. 49, became effective June 25, 1974, five days prior to the date when plaintiff's right to possession would have come into existence. The facts are readily distinguishable from those in Engler v. Capitol Management Corp., 112 N.J. Super. 445 (Ch. Div. 1970), cited by plaintiff. There the lease expired, giving rise to the right of possession in the landlord; a notice to quit had been given to satisfy the jurisdictional requirements, and the matter was transferred from the county district court to the Superior Court prior to the adoption of N.J.S.A. 2A:42-10.10. (Retaliatory Eviction Act). The court there held that the new act could not be retroactively applied to divest the landlord of his vested right of possession. But that right of possession arose upon the termination of the lease. And it was the "right of possession upon the expiration of a lease and the right of action to dispossess" which arose upon the expiration of the lease, *287 which the court there stated were vested rights. In the present action there was no right of possession in existence prior to the effective date of the new legislation. Since there was no present right of possession in existence, it was not vested.
The applicability of L. 1974, c. 49, is prospective. Applying it prospectively it controls the rights and responsibilities of landlords and tenants where, as here, the right of possession in the landlord did not exist at the time of its adoption.
One other area of confusion is evident in the arguments presented. That concerns the efficacy of the notice. Prior to the adoption of L. 1974, c. 49, the notice required under N.J.S.A. 2A:18-56 was procedural and necessary for the court's jurisdiction. The law did not change that for the cases to which it applies. There has been no repeal of N.J.S.A. 2A:18-56 and that notice is still required in certain landlord-tenant actions.
Plaintiff argues that "it would be far less than equitable and just to leave such a landlord with a valid right to termination and possession, but with no remedy to realize it." The argument presumes a right of possession existing upon the expiration of the lease, but that is no longer automatically true. From and after June 25, 1974 all leases must be renewed by the landlord, if the tenant desires to renew, unless "good cause" exists.
The Legislature has constructed a condition precedent to the revesting of a right of possession once that right of possession has been granted to a specified class of tenants. A present right of possession in a landlord described in § 2 is deferred beyond the expiration of the term of the lease until "good cause" exists. This is an extensive and substantive change in the law of real property affecting those in a landlord-tenant relationship.
L. 1974, c. 49, was adopted by the Legislature in response to its recognition of the problem facing tenants at a time when a critical housing shortage exists. The legislative history of this act indicates a concern by the Legislature for *288 residential tenants who were frequently unfairly and arbitrarily ousted from housing quarters in which they have been comfortable and where they have not caused any problems. The intent expressed in that history is to limit the eviction of tenants by landlords to reasonable grounds. As legislation in derogation of the common law, it is to be strictly construed. The words are clear and unambiguous. Section 4 says, "No landlord may evict or fail to renew any lease * * *." Section 2 says, "No lessee or tenant * * * may be removed * * * except upon establishment of one of the following grounds as good cause * * *." (Emphasis supplied). These sections evince an intent by the Legislature to change the ancient rights of landlords, not merely their remedies. It is the court's obligation to effect the legislative intent so clearly expressed.
The parties stipulated the procedural notice then required by N.J.S.A. 2A:18-56, which was not repealed. Section 3 of the new act does not change the three-month notice required for a year-to-year lease for premises not covered by § 2. However, by its terms it now applies to subdivision (a) of N.J.S.A. 2A:18-53 and thus is not applicable to this case.
Since N.J.S.A. 2A:18-56 applies only to section (a) of the former N.J.S.A. 2A:18-53, which is identical with subdivision (a) of L. 1974, c. 49, § 1, the present N.J.S.A. 2A:18-53, and since the new § 4 prohibits eviction of a tenant under a lease, if the premises are controlled by the new § 2, it becomes clear that the Legislature intended that a landlord conform to the notice requirement of the new § 3. The conclusion must be that for a year-to-year lease, as is here present, covering premises controlled by the new § 2, a three-month notice is no longer required. In its place the Legislature has substituted the notice requirement of § 3. Since June 25, 1974, to give the court jurisdiction to dispossess a tenant upon the termination of a lease, the landlord must give the type of notice specified within the time periods specified in § 3.
*289 As indicated above, one does not acquire a vested right in a procedure or form of remedy. As has also been discussed, plaintiff did not have a vested right of possession at the time of the adoption of the lease. Thus, the motion to dismiss for lack of jurisdiction is granted for the reason that plaintiff has failed to comply with the jurisdictional notice requirements of § 3. Obviously, this is without prejudice to the landlord's right to serve a notice complying with § 3, and its right, thereafter, to adduce evidence to prove that it has acquired a right of possession by the establishment of good cause.