168 N.J. Super. 149 (1979)
401 A.2d 1127
DR. MILTON GROSS, PLAINTIFF,
v.
JOSE BARRIOSI, DEFENDANT.
Superior Court of New Jersey, District Court, Passaic County.
May 10, 1979.
Mr. Randolph A. Newman for plaintiff.
*150 Mr. Donald L. Raymar for defendant (Passaic County Legal Aid Society, attorneys).
REISS, J.D.C.
Defendant's motion to dismiss this landlord-tenant summary dispossess action raises the question whether the statutory term "to personally occupy," as used in N.J.S.A. 2A:18-61.1 l(3), means to occupy for residential as opposed to commercial purposes. This issue is one of first impression.
The parties agree that the facts in this matter are not in dispute. Plaintiff is the owner of the premises located at 259 Madison Street, Passaic, New Jersey. The district within which the residence is located is zoned Commercial-Residential. There are three residential units within the building, defendant occupying the first floor apartment under oral lease. Plaintiff is a practicing podiatrist. He maintains an office in another part of the city and wishes to utilize the first-floor apartment at 259 Madison Street for the purpose of a branch office.
After plaintiff's case in chief, defendant made a motion to dismiss. This motion was predicated on defendant's contention that the statutory term "to personally occupy" means to occupy for residential rather than commercial purposes. The relevant statutory provision provides, in pertinent part:
No lessee or tenant * * * may be removed * * * from any house, [or] building * * * leased for residential purposes * * * except upon establishment of one of the following grounds, as good cause: * * * 1(3). The owner of a building of three residential units or less seeks to personally occupy a unit. [Emphasis supplied]
This provision is a part of the New Jersey Fair Eviction and Notice Act (hereinafter the act), initially enacted in 1974. In analysing this provision consideration must be given to the purpose of the enactment, the legislative intent, the literal wording of the statute, and the relevant case law.
*151 The purpose of this legislation is to prevent capricious eviction of residential tenants. Floral Park Tenants Ass'n v. Project Housing, Inc., 152 N.J. Super. 582 (Ch. Div. 1977). More particularly, this legislation is a response to the critical housing shortage in New Jersey, especially within the low and moderate-income housing areas. Id. at 591. See Sabato v. Sabato, 135 N.J. Super. 158, 164 (Law Div. 1975). Although there is an absence of legislative history, it is nevertheless clear that the thrust of the legislation is "to limit the eviction of tenants by landlords to the statutory grounds with respect to premises not excluded from its coverage." Stomboulos v. McKee, 134 N.J. Super. 567, 572 (App. Div. 1975).
The overall spirit of the law is the prevention of arbitrary removal of tenants "from housing quarters in which they have been comfortable and where they have not caused any problems." 25 Fairmont Ave., Inc. v. Stockton, 130 N.J. Super. 276, 288 (Cty. Ct. 1974). There is little doubt that the need for housing continues. It would thus seem that the act's intent and purpose dictate that "to personally occupy" be interpreted to mean for residential purposes.[1] If not, then the act's purpose, to wit, a response to a residential housing shortage, would be defeated. Accordingly, defendant's motion to dismiss is hereby granted.
NOTES
[1] It should be noted that "occupy" is defined as follows:

1. To engage the attention or energies of;
2. To fill up;
3. To take or hold possession;
4. To reside in as an owner or tenant.
[Webster's New Collegiate Dictionary 1977 Ed.; emphasis supplied]