967 A.2d 954 (2009)
406 N.J. Super. 423
XXXX-XXXX REALTY, LLC, Plaintiff-Appellant,
v.
Mary C. LAW, Linda Troue and Robert Ban, Defendants-Respondents.
DOCKET NO. A-5326-07T3.
Superior Court of New Jersey, Appellate Division.
Argued February 3, 2009.
Decided April 8, 2009.
Tracey Goldstein, West Orange, argued the cause for appellant (Feinstein, Raiss, Kelin & Booker, attorneys; Ms. Goldstein, on the brief).
*955 Joseph Murray, argued the cause for respondents (Northeast New Jersey Legal Services Corp., attorney; Mr. Murray, of counsel and on the brief).
Before Judges WEFING, YANNOTTI and LeWINN.
The opinion of the court was delivered by
WEFING, P.J.A.D.
XXXX-XXXX Realty, LLC ("Realty"), appeals from a trial court decision dismissing its complaint seeking to evict defendants. After reviewing the record in light of the contentions advanced on appeal, we affirm.
Realty is the owner of the three-unit building located at 3513 Hudson Avenue in Union City. Isaac Rosenberg, the sole member of Realty, acquired title to the building in August 2002. In 2007, Rosenberg formed Realty and transferred title to the building to Realty. Defendants are month-to-month tenants who occupy one of the units in the building. They received a Notice to Quit terminating their tenancy as of March 31, 2008, pursuant to N.J.S.A. 2A:18-61.1(l)(3). The ground asserted in the Notice was that Rosenberg wished to occupy the apartment himself. Defendants resisted, asserting that Realty could not invoke that section of the statute.
The matter was tried on the basis of stipulated facts. Defendants did not contest the contents or the service of the Notice to Quit. The trial court found for defendants and this appeal followed.
N.J.S.A. 2A:18-61.1 limits the grounds upon which a landlord may seek to remove a tenant. Subsection (l)(3) of the statute permits a landlord to remove a tenant if "[t]he owner of a building of three residential units or less seeks to personally occupy a unit...." Realty argues that Rosenberg, as its sole member, is entitled to invoke this subsection because he wished to live in the particular unit. Realty argues that the trial court's construction of the statute was strained and artificial. Defendants, on the other hand, argue that Rosenberg is not the owner of the building and that Realty, as a limited liability company, cannot personally occupy the apartment.
A court that is called upon to construe a statute should do so in light of the statute's overall purpose and policy. State v. Thomas, 166 N.J. 560, 567, 767 A.2d 459 (2001) (noting that the policy behind a statute should be considered in ascertaining the Legislature's intent). A court should seek to effectuate the fundamental purpose for which the legislation was enacted. Musikoff v. Jay Parrino's The Mint, L.L.C., 172 N.J. 133, 140, 796 A.2d 866 (2002). A court must be mindful of "[t]he purpose for which the statute was enacted and the evil at which it is aimed...." State v. Franchetta, 394 N.J.Super. 200, 206, 925 A.2d 745 (App. Div.2007) (quotation omitted).
Here, the clear purpose of this statute is to protect residential tenants from the effects of what the Legislature has recognized to be a severe shortage of rental housing in this state. Franklin Tower One, L.L.C. v. N.M., 157 N.J. 602, 614, 725 A.2d 1104 (1999). Its overall purpose is to prevent the eviction of blameless tenants by limiting the permissible bases for their removal. Maglies v. Estate of Guy, 193 N.J. 108, 124-25, 936 A.2d 414 (2007).
We reject appellant's argument that the construction adopted by the trial court leads to an absurd result. Rather, were we to adopt the appellant's approach, and overlook the distinction between Realty and its member Rosenberg, we would be construing the statute in a manner at odds with its purpose because we would be expanding *956 the universe of parties entitled to dispossess blameless tenants from their residence.
Appellant contends that the statute will be satisfied because the unit will continue to be used for residential purposes. That, however, is not dispositive. We cannot so easily disregard the fact that Rosenberg is not the owner of the building; his limited liability company is the owner.
Appellant argues that Rosenberg formed Realty for the protection it afforded him individually in terms of potential liability. Rosenberg had every right to decide to arrange his affairs in that manner. At the same time, he must accept the concomitant burdens that follow from the choice he made.
Finally, appellant contends that adopting the trial court's construction unreasonably requires expenditure of money and time to transfer the property back to Rosenberg's name, individually, with the accompanying risk of incurring personal liability. While not unsympathetic to the dilemma posed, we are not free to relieve Rosenberg of the consequences which flow from the considered choices he earlier made.
Affirmed.