**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3948-22

GENSROAD ISHMAEL LLC,

     Plaintiff-Respondent,

v.

KIRK WALLACE and
TSEHAY TADESSE,

     Defendants-Appellants.

_____

Submitted May 28, 2024 – Decided July 2, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. LT-001634-23.

Essex-Newark Legal Services, attorneys for appellants (Anthony D. Kershaw and Felipe Chavana, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this landlord-tenant matter, defendants Kirk Wallace and Tsehay Tadesse appeal from the trial court's final judgment of possession, issued after a bench trial, granting plaintiff-landlord, Gensroad Ishmael, LLC (Gensroad), possession of an apartment unit pursuant to N.J.S.A. 2A:18-61.1(*l*)(1). Because Gensroad cannot satisfy the conditions necessary for an eviction pursuant to subsection (*l*)(1) or (3), we reverse and vacate the judgment for possession and dismiss Gensroad's complaint.

I.

Gensroad, a limited liability company, owns a residential apartment building consisting of three units at 309 South 11th Street in Newark (the Property). Diane Baptiste is Gensroad's sole member and acts as the Property's landlord. On September 7, 2020, defendants leased the property's first-floor apartment from Gensroad on a month-to-month basis and resided in the apartment continuously for the ensuing two-and-a-half years.

After defendants filed several complaints with Newark's Department of Code Enforcement, Gensroad first served a Notice to Quit on December 13, 2022, and then later filed this complaint on March 10, 2023, claiming it intended to occupy the Property's first-floor apartment. At trial on July 31, Baptiste testified she was Gensroad's "owner" and personally sought to occupy

A-3948-22

defendants' apartment to accommodate her growing family. After finding Gensroad satisfied the jurisdictional requirements with its Notice to Quit and Department of Community Affairs Landlord Registration, the trial court found "plaintiff" wished to personally occupy the unit with her family and entered a judgment for possession in Gensroad's favor pursuant to N.J.S.A. 2A:18-61.1(*l*)(1), although plaintiff served defendants with a Notice to Quit, pursuant to N.J.S.A. 2A:18-61.1(*l*) without specifying a subsubsection. Defendants subsequently filed this appeal and obtained a stay of the trial court's Judgment for Possession After Trial.

II.

Our review of factual findings following a bench trial "is limited to whether there is 'substantial, credible evidence to support the court's findings.'" Zaman v. Felton, 219 N.J. 199, 215 (2014) (quoting In re Civil Commitment of J.M.B., 197 N.J. 563, 597 (2009)). Issues of law are reviewed de novo. Id. at 216.

We conclude the trial court erred in granting a judgment of possession to Gensroad. Gensroad relied upon N.J.S.A. 2A:18-61.l(*l*) in its Notice to Quit without specifying a subsection, claiming only "owner intends to occupy." N.J.S.A. 2A:18-61.l(*l*)(1), the section the trial court relied upon to issue its

A-3948-22

judgment of possession, applies only where "the owner has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing." Baptiste's testimony demonstrates Gensroad had not contracted to sell the Property and the record does not show any sale was pending.

To the extent plaintiff or the court intended to invoke N.J.S.A. 2A:18-61.1(*l*)(3),[1] that subsubsection also does not apply to the facts before us. Pursuant to N.J.S.A. 2A:18-61.1(*l*)(3), a court may evict a tenant if the owner of a building with up to three residential units "seeks to personally occupy a unit." However, the landlord must first provide written notice and a demand for possession "two months . . . prior" to instituting the action, which did not occur here. N.J.S.A. 2A:18-61.2(f). Also, before suing, the landlord must wait until the lease, if any, expires. Ibid.

---

[1] Although the trial court exclusively referenced subsection (*l*)(1) in its oral decision, Baptiste's testimony, and the court's reasons for awarding a judgment in Gensroad's favor, appear to rely upon subsubsection (*l*)(3). See Do-Wop Corp. v. City of Rahway. 168 N.J. 191, 199 (2001) (considering a statutory basis for denying the plaintiff's application not cited in the official rejection when the record showed the defendant relied upon the statute in the trial and appellate courts); see also Stone v. Old Bridge Twp., 111 N.J. 110, 115-16, 115 n.2 (1988) ("It is the judgment . . . from which this appeal is taken . . . which guides us to a proper formulation of the issue on appeal.") (emphasis in original).

A-3948-22

We agree with defendants that our decision in 3519-3513 Realty, LLC v. Law, 406 N.J. Super. 423 (App. Div. 2009) demonstrates the trial court erred. In Law, the plaintiff was an LLC that served its tenant with a Notice to Quit, pursuant to N.J.S.A. 2A:18-61.1(*l*)(3). Id. at 425. The plaintiff argued it was entitled to avail itself of that provision because its sole member intended to reside in the leased unit. Ibid. We disagreed and held an LLC cannot personally occupy a residential property within the intent and meaning of the statute. Id. at 426. We also noted we cannot "easily disregard the fact that [the sole member] is not the owner of the building," rather the LLC was the owner, and if we were to "adopt the [plaintiff's] approach, and overlook the distinction between [an LLC] and its [individual] member . . . , we would be construing the statute in a manner at odds with its purpose because we would be expanding the universe of parties entitled to dispossess blameless tenants from their residence." Ibid.

A limited liability company such as Gensroad Ishmael, LLC is a legal entity apart from its members. In that respect, it is like a corporation, "an artificial entity that lacks the ability to function except through the actions of its officers, directors, agents, and servants." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 761 (1989). Plaintiff as an LLC cannot

5

invoke N.J.S.A. 2A:18-61.1(*l*)(3) to occupy defendants' unit. In ruling that Baptiste was the owner and her intent was to personally occupy the unit, the trial court failed to recognize the LLC is the owner, and Baptiste, as the non-owner, cannot be awarded possession.

Reversed. The judgment of possession is vacated, and plaintiff's complaint is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3948-22