**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3634-24

76 BERLIN ROAD, LLC,

     Plaintiff-Respondent,

v.

COLLEEN GORMLEY,

     Defendant-Appellant.

_____

Submitted April 30, 2026 – Decided June 4, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-001581-25.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Respondent has not filed a brief.

PER CURIAM

    In this one-sided appeal, defendant Colleen Gormley challenges the Special Civil Part's April 9, 2025 judgment for possession entered in favor of

plaintiff 76 Berlin Road, LLC and a July 9, 2025 order denying defendant's motion for reconsideration. We conclude the court misinterpreted the relevant provisions of the Anti-Eviction Act (Act), N.J.S.A. 2A:18-61.1 to -61.12, and therefore, reverse.

I.

The parties were previously before us regarding plaintiff's first attempt to evict defendant.[1] We recount the facts related to that matter to provide context for this appeal. Defendant has lived as a tenant on the second floor of a residential home in Cherry Hill since 2012. In August 2021, plaintiff purchased the residence and thereafter entered into a one-year lease agreement with defendant. Pursuant to the terms of the lease, defendant's tenancy would convert to a month-to-month term after one year, at which point either party had "the option to cancel the tenancy with at least thirty . . . days['] notice[,] or the minimum time-period set by the State, whichever [wa]s shorter."

Following the expiration of the one-year lease term, defendant continued to reside at the home. On May 18, 2023, plaintiff's counsel sent defendant a letter terminating the leasehold effective July 31, 2023, and demanding defendant vacate the residence by that date. However, defendant remained on

---

[1] 76 Berlin Rd., LLC v. Gormley, No. A-0342-23 (App. Div. Nov. 14, 2024).

the premises after the July 31 expiration date and continued to pay her established monthly rent. Plaintiff subsequently filed suit for eviction. The grounds for eviction stated: "Notice to [v]acate no later than [July 31, 2023,] for [the] expired month-to-month lease [was] given on [May 22, 2023. D]efendant refuses to vacate."

Thereafter, a trial was held, during which defendant moved to dismiss plaintiff's complaint, arguing, in part, plaintiff failed to demonstrate good cause as required by the Act. As a result, defendant contended plaintiff had no basis to evict her or classify her as a holdover tenant. The trial court denied defendant's motion and entered a judgment of possession in plaintiff's favor.

Following the trial court's ruling, defendant requested a stay. The court denied defendant's request and subsequently issued a warrant of removal. Defendant then filed a notice of appeal and an emergent motion to stay the execution of the warrant of removal pending appeal, which we granted.

On appeal, we reversed, finding the court misconstrued the Act. We explained: "[T]he dictates of public policy may require invalidation of private contractual agreements where those arrangements directly contravene express legislative policy or are inconsistent with the public interest or detrimental to

3

the common good." <u>76 Berlin Rd., LLC</u>, slip op. at 7 (quoting <u>Sacks Realty Co. v. Shore</u>, 317 N.J. Super. 258, 269 (App. Div. 1998)).  Moreover, we noted:

> N.J.S.A. 2A:18-61.4 declares that "[a]ny provision in a lease whereby any tenant covered by section [two] of this [A]ct agrees that [their] tenancy may be terminated or not renewed for other than good cause[,] . . . or whereby the tenant waives any other rights under this [A]ct shall be deemed against public policy and unenforceable."
>
> . . . .
>
> . . . [I]t is undisputed that defendant is a residential tenant in a non-owner-occupied dwelling who is subject to the protections of the Act.  None of the exceptions to the Act's protections apply.  As such, plaintiff was required to plead and prove good cause for removal as provided by the Act.  The sole basis articulated for notice in the underlying complaint was the purported expiration of a month-to-month lease term.  That event is not a recognized cause of action supporting the termination of residential tenancies under the Act.  The waiver of the right to continued tenancy by an otherwise blameless tenant, as in this case, is invalidated by operation of law.  N.J.S.A. 2A:18-61.4.
>
> [<u>Id.</u> at 7-9 (First and second alterations in original).]

Following our decision, plaintiff's counsel sent defendant a letter on December 16, 2024, stating the lease would be terminated effective January 24, 2025, as the property was under an "agreement of sale."  The new owner, Finest Address, LLC (Finest Address), planned to reconstruct the premises, which

would require it to be unoccupied.  Plaintiff did not cite to any provisions of N.J.S.A. 2A:18-61.1 in demanding defendant vacate the premises.  Defendant continued to reside in the property while still paying her established monthly rent.

In February 2025, plaintiff filed a new complaint against defendant, seeking a judgment for possession, in which it asserted the following grounds for eviction:  (1) the "[l]andlord has contracted to sell premises to [the b]uyer under contract that requires premises to be vacant at time of closing"; (2) the "[t]enant has been given timely notice to vacate"; (3) the "[b]uyer is going to demolish [the] building and renovate extensively over a long period of time and then personally occupy"; and (4) the "[t]enant's lease term has expired and became month[-]to[-]month in July 2022."

Defendant answered, alleging:  the attempted eviction, like the previous eviction, was illegal under the Act; the purported buyer of the premises was an LLC, not an individual, and therefore could not "personally occupy" the property under N.J.S.A. 2A:18-61.1(*l*)(3); the notice to quit failed to provide the required two months' notice and was sent before the agreement of sale was signed;[2] and

---

[2]  The agreement of sale between plaintiff and Finest Address was entered into on January 6, 2025, but the notice to vacate was sent on December 16, 2024.

A-3634-24

plaintiff's claim the buyer was going to demolish the building, reconstruct it, and thereafter personally occupy it invoked N.J.S.A. 2A:18-61.1(h), requiring eighteen months' notice, which plaintiff did not provide.

On April 9, 2025, the trial court conducted a hearing and issued a judgment for possession in favor of plaintiff. It found defendant was an "indefinite holdover tenant." The court stated:

> [The court] do[es]n't find this defendant to be a blameless tenant. I[t] find[s] her to be calculating in regards to keeping a[n] under-market rent and certain premises where she had active notice for over two years on what this plaintiff wanted to do, [and] therefore[,] [the court] will grant the judgment of possession.
>
> . . . [Defendant] knows . . . this plaintiff wanted this property for at least three-and-a-half years . . . . Legally[,] she's on notice for two-and-a-half years. It's time to go.

Following the hearing, defendant moved for reconsideration. The court referenced defendant's "squatter-like conduct" and stated, "the legislat[ion ha]s very much benefited [defendant] . . . and [has been] very much detrimental to . . . plaintiff." The court ultimately denied the motion.

Defendant filed a notice of appeal. She subsequently moved for a stay pending appeal, which we granted.

6

II.

Defendant argues the trial court erred in entering the judgment for possession and the subsequent eviction orders because "none of the grounds [pled] by [plaintiff in its complaint] established a lawful basis for eviction under the . . . Act." She points out the Act protects against the eviction of a residential tenant unless the landlord establishes good cause as set forth in the Act. Defendant asserts plaintiff sent her a notice to quit on December 16, 2024, and ordered her to vacate the premises without "cit[ing] any provision of the [Act] . . . on which it was relying for [the] eviction."

Defendant also contends plaintiff's first reason to justify her eviction— plaintiff having contracted to sell the premises to a buyer under a contract that requires the premises to be vacant at the time of closing—is deficient because the agreement of sale identifies the "buyer" as an LLC, which is not a person capable of personally occupying a residence, and therefore does not satisfy N.J.S.A. 2A:18-61.1(*l*)(3).[3] She also alleges the "Buyer Intent Letter" does not

---

[3] This provision provides for residential eviction where the owner of a building of three residential units or less seeks to personally occupy a unit or has contracted to sell the residential unit to a buyer who will personally occupy it as a residence and the contract for sale calls for the unit to be vacant at the time of closing. N.J.S.A. 2A:18-61.1(*l*)(3).

A-3634-24

satisfy the requirements of the Act because it states the "[c]o-[m]anaging [m]ember" of Finest Address intended to use one of the units as executive housing or a home office, rather than a personal residence.

As to plaintiff's second reason to evict—defendant was given timely notice to vacate—defendant contends the Act provides "no action shall be instituted until the lease expires." N.J.S.A. 2A:18-61.2(f). However, she points out she had a written lease in effect at the time plaintiff sent her the notice to quit, which was effective until July 15, 2025, and thus plaintiff violated the statute by instituting this action on February 25, 2025. In addition, the trial court directed plaintiff to draft and serve a notice to vacate giving at least sixty days' notice, which "acknowledges . . . [plaintiff]'s December 16, 2024 [n]otice to [q]uit did not provide the [sufficient] notice to [defendant]" required under the Act. Further, the agreement of sale was dated January 6, 2025, nearly a month after plaintiff demanded defendant to vacate in its December 16, 2024 notice to quit, which defendant alleges violates N.J.S.A. 2A:18-61.1(*l*)(3), which requires a landlord to already be under contract to sell the property at the time the notice to quit is sent to the tenant.

As to the third reason—the buyer was going to demolish the building and renovate it extensively over a long period of time and then personally occupy

it—defendant argues it invokes N.J.S.A. 2A:18-61.1(h). She alleges that statutory provision requires an eighteen-month demand for possession before eviction may be ordered, and defendant was given only five weeks' notice.

As to the fourth and final reason—defendant's lease term expired and became a month-to-month tenancy in July 2022—defendant maintains the Act requires a landlord to plead and prove an allowable ground for eviction of a residential tenant, regardless of what type or length of lease is claimed to exist, which plaintiff did not do. Further, a landlord may not evict or fail to renew the lease of any tenant who is covered under the Act. She maintains when the Act protects a tenant, "the effective term of the lease is for as long as the tenant wishes to remain, provided [they] pay[] the rent . . . and . . . there is no other statutory cause for eviction under [the Act]." Maglies v. Est. of Guy, 193 N.J. 108, 121 (2007) (first omission in original) (last alteration in original) (quoting Ctr. Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 350 (App. Div. 1993)). Furthermore, defendant insists the trial court "improperly inserted [its] own view of justice and the blameworthiness of [defendant] instead of simply applying the strict requirements of the [Act]."

"We review issues of statutory interpretation de novo." Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019). "The Legislature's intent is the

9

paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005). Accordingly, "[w]e ascribe to the statutory words their ordinary meaning and significance," ibid., and "construe the words of a statute 'in context with related provisions so as to give sense to the legislation as a whole,'" Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018) (quoting N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 570 (2017)).

"If the plain language leads to a clear and unambiguous result, then our interpretive process is over." Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016) (quoting Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007)). "We only resort to extrinsic evidence, such as legislative history and committee reports, in the event that the statutory language at issue is ambiguous." State v. Fuqua, 234 N.J. 583, 591 (2018).

"The [Act] dramatically changed the rights of landlords and owners by prohibiting the ejectment of residential tenants or lessees simply because their tenancies or leases had expired." Chase Manhattan Bank v. Josephson, 135 N.J. 209, 219 (1994) (citation omitted). The Act applies only to residential tenants. Starns v. Am. Baptist Ests. of Red Bank, 352 N.J. Super. 327, 333 (App. Div. 2002). Its purpose was "not to eliminate evictions but to limit them to reasonable

grounds. Thus, the intent of the [L]egislature is to limit the eviction of [residential] tenants by landlords to the grounds enumerated in the statute." Les Gertrude Assocs. v. Walko, 262 N.J. Super. 544, 548 (App. Div. 1993) (internal citations omitted).

Therefore, "[w]hen a person is protected by the Act, 'the effective term of the lease is for as long as the tenant wishes to remain, provided [they] pay[] the rent . . . and provided there is no other statutory cause for eviction under [the Act].'" Maglies, 193 N.J. at 121 (omission in original) (last alteration in original) (quoting Ctr. Ave. Realty, Inc., 264 N.J. Super. at 350). In other words, "[t]he effect of th[e] Act is to create a perpetual tenancy, virtually a life interest, in favor of a tenant of residential premises covered by the Act as to whom there is no statutory cause for eviction under N.J.S.A. 2A:18-61.1." Riverview Realty, Inc. v. Williamson, 284 N.J. Super. 566, 568 (App. Div. 1995) (quoting Ctr. Ave. Realty, Inc., 264 N.J. Super. at 350).

N.J.S.A. 2A:18-61.1, section two of the Act, which governs the removal of residential tenants, provides in pertinent part:

> No lessee or tenant . . . may be removed by the Superior Court from any house . . . leased for residential purposes, other than[:] (1) owner-occupied premises with not more than two rental units or a hotel, motel[,] or other guest house or part thereof rented to a transient guest or seasonal tenant; (2) a dwelling unit which is

11

held in trust on behalf of a member of the immediate family of the person or persons establishing the trust, provided that the member of the immediate family on whose behalf the trust is established permanently occupies the unit; and (3) a dwelling unit which is permanently occupied by a member of the immediate family of the owner of that unit, provided, however, that exception (2) or (3) shall apply only in cases in which the member of the immediate family has a developmental disability . . . .

The Act also states, "[n]o landlord may evict or fail to renew any lease of any premises covered by section [two] of this [A]ct except for good cause as defined in section [two]." N.J.S.A. 2A:18-61.3(a).

The Act discusses various events that constitute good cause, including when "[t]he owner of a building of three residential units or less . . . has contracted to sell the residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing." N.J.S.A. 2A:18-61.1(*l*)(3). Notably, under the Act, a landlord "ha[s] the burden in [a] summary dispossession action of proving that [they] plan[] to personally occupy [the tenant's residence]." Hale v. Farrakhan, 390 N.J. Super. 335, 340 (App. Div. 2007). Our Supreme Court has interpreted the phrase "to personally occupy" in N.J.S.A. 2A:18-61.1(*l*)(3) to mean "for residential purposes." Gross v. Barriosi, 168 N.J. Super. 149, 151 (App. Div. 1979). It explained, "[i]f not, then the [A]ct's purpose . . . would be defeated." Ibid.

However, not every owner can "personally occupy" a residence. For example, in 3519-3513 Realty, LLC v. Law, we held the tenant could not be evicted under N.J.S.A. 2A:18-61.1(*l*)(3) because the plaintiff, an LLC and the owner of the building, could not "personally occupy" the tenants' apartment. 406 N.J. Super. 423, 425-26 (App. Div. 2009). In that case, the sole member of the plaintiff LLC acquired title to the building containing the tenants' apartment. Id. at 424. The member later formed the LLC and transferred title to the building to the LLC. Ibid. Thereafter, the LLC sent the tenants a notice to quit, terminating their tenancy pursuant to N.J.S.A. 2A:18-61.1(*l*)(3). Ibid. The sole ground for eviction in the notice was the member of the LLC wished to occupy the apartment himself. Ibid. The tenants refused to vacate, and the plaintiff filed suit. Id. at 424-25. The trial court found in favor of the tenants, and the plaintiff appealed. Id. at 425.

We affirmed, explaining:

> [T]he clear purpose of [N.J.S.A. 2A:18-61.1] is to protect residential tenants from the effects of what the Legislature has recognized to be a severe shortage of rental housing in this state. Its overall purpose is to prevent the eviction of blameless tenants by limiting the permissible bases for their removal.
>
> . . . [W]ere we to adopt the [plaintiff]'s approach, and overlook the distinction between [the plaintiff LLC] and its member . . . , we would be construing the

statute in a manner at odds with its purpose because we would be expanding the universe of parties entitled to dispossess blameless tenants from their residence.

[The plaintiff] contends that the statute will be satisfied because the unit will continue to be used for residential purposes. That, however, is not dispositive. We cannot so easily disregard the fact that [the member] is not the owner of the building; his limited liability company is the owner.

. . . [The member] formed [the LLC] for the protection it afforded him individually in terms of potential liability. [He] had every right to decide to arrange his affairs in that manner. At the same time, he must accept the concomitant burdens that follow from the choice he made.

[Id. at 425-26 (internal citations omitted).]

Here, there is no dispute the property at issue is residential. The parties do not dispute the property does not fall into any of the three exceptions that permit the eviction of residential tenants under N.J.S.A. 2A:18-61.1. Therefore, under the Act, plaintiff must demonstrate "good cause" to remove defendant from the property.

Plaintiff asserts it has good cause under N.J.S.A. 2A:18-61.1(*l*)(3) in that it has contracted to sell the property to a buyer, Finest Address, who wishes to personally occupy it, and the contract for sale calls for the unit to be vacant at the time of closing. However, as shown in the agreement of sale, Finest

Address—an LLC—is the purported buyer of the property, not an individual. Although a co-managing member signed on behalf of Finest Address and supposedly intends on eventually occupying the unit, Finest Address would still hold the title to the property.

N.J.S.A. 2A:18-61.1(*l*)(3) specifically requires "[t]he owner" of the building to personally occupy it. An LLC cannot personally occupy a residential property within the intendment of the statute. See 3519-3513 Realty, 406 N.J. Super. at 425-26. This is because Finest Address is a legal entity apart from its members. In other words, even if the unit will continue to be used for residential purposes, this "is not dispositive," and "[w]e cannot so easily disregard the fact that [the member who planned to live in the unit] is not the owner of the building; his limited liability company is the owner." See id. at 426.

Thus, because Finest Address will hold title to the property, and an LLC cannot "personally occupy" a property, plaintiff has not established "good cause" under N.J.S.A. 2A:18-61.1(*l*)(3). For these reasons, the trial court erred in granting plaintiff a judgment of possession.[4]

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[4] Because we conclude the court erred in not following 3519-3513 Realty, 406 N.J. Super. at 423, we need not address defendant's remaining arguments. Likewise, there is no need to address the order denying reconsideration.